UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROHAN DELANO DOUGLAS,

                    Petitioner,

vs.                                Case No.  2:08-cv-272-FtM-99DNF

MICHAEL   B.   MUKASEY;   MICHAEL
CHERTOFF; MICHAEL ROZOS,

                    Respondents.

_____

**ORDER OF DISMISSAL**

I.

_____This matter comes before the Court upon review of the file. Petitioner, proceeding *pro se* while detained at the Glades County Jail, initiated this action by filing a "Petition for Emergency Intervention in Removal Proceedings and an Expedited Declaration of Derivative Citizenship" (Doc. #1, Petition) on March 31, 2008.  The Court  directed  Respondents  to  file  an  expedited  Response, specifically addressing whether the Court has jurisdiction over this matter.  See Order at Doc. #5.  Respondents filed a Response (Doc. #11, Mot. Dismiss) on May 6, 2008.  After being granted an extension of time, Petitioner filed his Reply (Doc. #20, Reply) on June 9, 2008.  This matter is ripe for review.

II.

    Petitioner filed the instant Petition requesting that the Court enter an Order "granting [him] 'derivative citizenship,' and . . . granting his immediate release from [the] Bureau of

Immigration and Enforcement . . . (ICE)." Petition at 1-2. Petitioner admits that he has not exhausted his "administrative avenues" in the immigration proceedings, but alleges that his constitutional rights have been violated as a result of his detention by ICE from December 2, 2005, thru September 26, 2006, and February 20, 2008, thru the date Petitioner filed the instant Petition.[1] Id. at 2. Petitioner believes his due process rights have been violated as a result of ICE's "unreasonable delays." Id.

Petitioner states he first appeared before the Krome Immigration Court on September 19, 2006, and presented a copy of his mother's "certificate of citizenship" as evidence of his derivative citizenship. Id. at 3. ICE required time to verify the document. Id. After the parties returned to the immigration court on September 22, 2006, ICE could not obtain the file, so the immigration judge released Petitioner on bond pending verification of the authenticity of Petitioner's mother's certificate. Id. at 4. On February 19, 2008, Petitioner was arrested after a traffic stop.[2] Id. Because of this arrest, ICE again detained Petitioner. Id. Petitioner avers that his claims of derivative citizenship have been dismissed, that he was not brought before the immigration

---

[1]Petitioner has since been released from the Glades County Jail and is under "house arrest." Reply at 4.

[2]The record does not state why Petitioner was arrested after the traffic stop.

judge within ten days as required by the Immigration and Nationality Act, and he has no future court dates scheduled.  Id.

### III.

In their Motion to Dismiss, Respondents state that Petitioner is a native and citizen of St. Kitt in the British Virgin Islands. Mot. Dismiss at 1.  Respondents note that removal proceedings were first initiated against Petitioner on November 30, 2005, based on charges that Petitioner was subject to deportation from the United States for crimes involving moral turpitude that did not arise out of a single scheme of criminal conduct.  Id.  Respondents argue that the instant Petition is subject to dismissal for lack of jurisdiction because Petitioner has not exhausted his administrative remedies available to him in the ongoing immigration removal proceedings.  Id. at 2-3.  Additionally, Respondents argue that Petitioner may file an appeal with the Board of Immigration Appeals and later a Petition for review directly with the Eleventh Circuit Court of Appeals.  Id. at 3.

In Reply, Petitioner argues that the Respondents' argument that he has not exhausted his administrative remedies "misses the issues brought before the Court."  Reply at 2-3.  Rather, Petitioner argues that the Petition raises concerns over his detention during the removal action and the removal action itself because he has "derivative citizenship."  Id. at 3.  Petitioner explains that when he was detained the second time in February 2008, DHS or ICE "just flatly refused to take any action whatsoever

in the proceedings." Id. at 2.   Petitioner is now under "house arrest." Id. at 5.   Petitioner maintains that once he introduced evidence of his derivative citizenship, ICE should have dismissed the proceedings. Id.

IV.

The Court takes notice of Petitioner's previously filed action, case number 8:06-cv-890-T-30TGW, in which he challenged the 2006 proceedings and his detention by the Department of Homeland Security.[3]  See Douglas v. Gonzalez, 2006 WL 5159196, Case No. 8:06-cv-890-T-30TGW (M.D. Fla. June 12, 2006); see also Case No. 1:06-22278-Civ-Huck.  That court found it did not have jurisdiction to review Petitioner's claims.  Douglas, 2006 WL 5159196 *2. Similarly, because the Court lacks jurisdiction over the matter raised sub judice, the Petition is due to be dismissed.

Upon thorough review of the record, the status of Petitioner's removal proceedings remains unclear.  It is clear, however, that the removal proceedings remain pending and no final order of removal has been entered.[4]  Petition at 1-2; Reply at 4.  To the extent no final order of removal has been entered, Petitioner may be detained pending a decision on whether he is to be removed

---

[3]In the previous action, Petitioner did not raise the argument that he has derivative citizenship.  Id.

[4]Had the Petition challenged a final administrative order of removal, this Court would have transferred the case to the Eleventh Circuit Court of Appeals for review.  8 U.S.C. § 1252; Claver v. U.S. Attorney General, 245 Fed. Appx. 904 (11th Cir. 2007).

pursuant to 8 U.S.C. § 1226.[5]  The Court does not have jurisdiction to review a detention determination.  See 28 U.S.C. 1226(e).[6]  Specifically, 1226(e) provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

See 1226(e).  Based on the plain language of this statute, the court lacks jurisdiction to review this detention decision.

To the extent the removal proceedings remain pending, Petitioner may raise his derivative citizenship claim in that proceeding.  See U.S.C. 1229a (4)(B)(stating, in relevant part, "the alien shall have a reasonable opportunity to examine the evidence against the alien, to present evidence on the alien's own behalf. . . .").  Although the Petition alleges that Petitioner knew of no future dates he was going to appear before the immigration judge, since the time he filed the Petition, Petitioner was apparently released from detention at the Glades County Jail and placed on house arrest pending Petitioner's Application for a

---

[5]The United States Supreme Court has ruled that detention pending the removal proceedings does not violate the due process clause.  Demore v. Hyung Joon Kim, 538 U.S. 51, 531 (2003).

[6]The statue requires the Attorney General to take into custody and detain aliens with certain enumerated criminal convictions pending removal proceedings.  Included in this list is any alien who, like Petitioner, commits an offense covered in 8 U.S.C. 1227(a)(2)(A)(ii), namely, an alien who is convicted of two or more more crimes involving moral turpitude not arising out of a single scheme of criminal conduct.  8 U.S.C. section 1226(c)(1)(B).

Certificate of Citizenship. See Reply at 4 (stating "DHS/ICE has ordered Douglas' . . . under 'house arrest' while they process his Application for Certificate of Citizenship."). Moreover, the Eleventh Circuit Court of Appeals has held that the exhaustion procedures required in 8 U.S.C. § 1252(d)(1) apply in habeas proceedings. Sundar v. I.N.S., 328 F.3d 1232 (11th Cir. 2003). "A court may review a *final order* of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. 1252(d)(1)(emphasis added). The exhaustion requirement is jurisdictional. Sundar, 328 F.3d at 1323 (citing Fernandez-Bernal v. Attorney General, 257 F.3d 1304, 1317 (11th Cir. 2001)). Petitioner acknowledges that he has not exhausted his administrative remedies. Petition at 2. Petitioner is essentially asking that this Court make a factual determination as to his derivative citizenship. Petitioner's proper course of action is to raise his derivative citizenship claim in the current proceedings, and, if appropriate, file any appeals of the immigration judge's decision, prior to filing a review of such decision in the appropriate United States Court of Appeals. 8 U.S.C. § 1252(d)(1); see e.g. Claver v. U.S. Attorney General, 245 Fed. Appx. 904 (11th Cir. 2007)(reviewing immigration judge's determination of derivation citizenship claim).

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Petitioner's "Notice of Motion for Summary Judgment" (Doc. #8) is **DENIED.**

2.  Petitioner's "Motion for Expedited Pre-Trial Hearing" (Doc. #21) is **GRANTED** to the extent that the Court's Order Referring the Motion to Dismiss to the Magistrate Judge (Doc. #17) is **vacated** and this matter will be ruled on by the District Court.

3.  Respondents' Motion to Dismiss (Doc. #11) is **GRANTED** and the Petition (Doc. #1) is **dismissed** for lack of jurisdiction.

4.  Petitioner's "Request for Immediate Injunction Against Further Detention and Hold and Detain Orders by DHS/ICE" (Doc. #15) is **DENIED** as moot.

5.  The Clerk of Court shall: (1) terminate any pending motions; (2) enter judgment accordingly; and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __20th__ day of August, 2008.

JOHN E. STEELE
United States District Judge

SA: alj
Copies:
U.S. Magistrate Judge
All Parties of Record

–7–